## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRICKLAYERS & TROWEL TRADES** | ) |
| **INTERNATIONAL PENSION FUND, by and through** | ) |
| **its Board of Trustees as administered by the Central** | ) |
| **Collection Unit of the International Union of** | ) |
| **Bricklayers and Allied Craftworkers** | ) |
| **620 F Street, N.W.** | ) |
| **Washington, D.C. 20004,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **NY BIG APPLE CONSTRUCTION CORPORATION** | ) |
| **240-10 141 Avenue** | ) |
| **Rosedale, New York 11422,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND OTHER
### AMOUNTS DUE TO EMPLOYEE BENEFIT FUND)

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

## PARTIES

1.      Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International

Pension Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1).   The

International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of

ERISA, 29 U.S.C. § 1002(37).  The International Pension Fund was established and is maintained

in accordance with its Restated Agreement and Declaration of Trust.  The International Pension

Fund is administered at 620 F Street, N.W., in Washington D.C.  The members of the Board of

Trustees of the International Pension Fund are fiduciaries as provided in the International Pension

Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund.

2.      Defendant NY Big Apple Construction Corporation is a New York corporation and has an office located at 240-10 141 Avenue, in Rosedale, New York, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

## JURISDICTION AND VENUE

3.      This is an action to collect contributions and other amounts due to an employee pension benefit plan under the terms of a collective bargaining agreement and trust agreement and for other appropriate equitable relief. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5.      Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6.      Defendant NY Big Apple Construction Corporation has been bound and signatory at all relevant times to collective bargaining agreements with International Union of Bricklayers and Allied Craftworkers Local Union No. 1 New York ("Collective Bargaining Agreements"), that govern the wages, benefits and terms and conditions of employment of employees performing work for the Defendant.

7.      Pursuant to the Collective Bargaining Agreements the Defendant agreed to pay certain sums of money to the Plaintiff for all hours of work it performed covered by the Collective Bargaining Agreements.

8.      During the months of February 2018 through the present, the Defendant performed work covered by the Collective Bargaining Agreements.

9.      During the months of February 2019 through the present, the Defendant has failed to report and pay all amounts owing to the Plaintiff as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

10.     Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment.

11.     Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed.

12.     Pursuant to the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and

Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees and costs of collection.

## COUNT I

**(UNREPORTED AND UNPAID CONTRIBUTIONS AND OTHER
AMOUNTS OWED TO EMPLOYEE BENEFIT FUND)**

13.     The Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in this Count I.

14.     During the months of February 2019 through the present, the Defendant has failed to report and pay all contributions owing to the Plaintiff for covered work it performed within Local 1 NY, cover group 66, which is covered by the Collective Bargaining Agreements.

15.     Because the Defendant has failed to comply with its duty to submit monthly hour remittance reports, the Plaintiff has been required to estimate the amount of contributions owed by the Defendant for covered work performed to date.

16.     The most recent 12 months for which the Defendant reported hours to the Plaintiff for covered work performed in Local 1 NY, cover group 66 was February 2018 through January 2019.

17.     During these 12 months, the Defendant reported a total of 14,140.5 hours, or an average of 1,178.38 hours per month for covered work performed in Local 1 NY, cover group 66.

18.     The applicable contribution rate payable to the Plaintiff for work performed in Local 1 NY, cover group 66, during the period of February 2019 through June 2019 was $1.13 per hour.

19.     The Defendant therefore owes estimated monthly contributions of $1,331.57 per month during each month from February 2019 through June 2019 for work performed in Local 1 NY, cover group 66.

20.     The applicable contribution rate payable to the Plaintiff for work performed in Local 1 NY, cover group 66, during the period of July 2019 through October 2019 is $1.20 per hour.

21.     The Defendant therefore owes estimated monthly contributions of $1,414.06 per month during each month from July 2019 through October 2019 for work performed in Local 1 NY, cover group 66.

22.     The Defendant therefore owes the Plaintiff $12,314.09 (($1,331.57 x 5 months)) + ($1,414.06 x 4 months)) in estimated contributions for covered work performed during the period February 2019 through October 2019 within Local 1 NY, cover group 66.

23.     Under the Collection Procedures and ERISA, the Defendant also owes interest at the rate of 15% per annum from the due date of each monthly payment, and in addition an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed.

24.     By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

25.     The Plaintiff is entitled to judgment against the Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15%, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

26.     The Plaintiff will also seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages and attorneys' fees and costs which become due, or are estimated to be due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

**WHEREFORE**, the Plaintiff prays judgment on Count I as follows:

A.     For estimated unpaid contributions in the amount of $12,314.09 due and owing to the Plaintiff for work performed during the months of February 2019 through October 2019 in Local 1 NY, cover group 66, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

B.     Costs and reasonable attorneys' fees for collection as required by the Collective Bargaining Agreements, the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

C.     For such contributions, interest, liquidated damages, and reasonable attorneys' fees and costs that may accrue and/or are found to be due and owing to the Plaintiff subsequent to the filing of this Complaint, during the pendency of this action, and up to the date of judgment.

D.     Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated:  <u>November 25, 2019</u>          **O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
cgilligan@odonoghuelaw.com


By:     <u>/s/ Charles W. Gilligan</u>
Charles W. Gilligan (Bar No. 394710)
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 25th day of November 2019, on the following:

> The Office of Division Counsel
> Associate Chief Counsel (TE/GE) CC:TEGE
> Room 4300
> 1111 Constitution Avenue
> Washington, DC  20224
>
> Secretary of Labor
> 200 Constitution Ave., N.W.
> Washington, DC  20210
>
> Attention:  Assistant Solicitor for Plan Benefits Security

/s/ Charles W. Gilligan
Charles W. Gilligan