UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,**<br><br>Plaintiffs,<br><br>v.<br><br>**NY BIG APPLE CONSTRUCTION CORPORATION**,<br><br>Defendant. | Case No. 1:19-cv-03552 (TNM) |

## MEMORANDUM OPINION

Plaintiff Bricklayers & Trowel Trades International Pension Fund (the "Pension Fund") has pursued this action under the Employee Retirement Income Security Act ("ERISA") for nearly a year. Defendant NY Big Apple Construction Corporation ("Big Apple Construction"), has never responded. The Pension Fund now moves for default judgment, and for the following reasons the motion will be granted.

### I.

The Penson Fund is an employee benefit plan organized under ERISA that provides retirement benefits to certain individuals working in the construction industry. *See* Pls.' Mot. for Default J. ("Pls.' Mot.") Ex. 1 ("Pl.'s Mem.") at 2, ECF No. 10-1.[1] The Pension Fund receives required payments, called "contributions," from employers who have signed collective bargaining agreements with local unions affiliated with the International Union of Bricklayers and Allied Craftworkers. *Id.*

---

[1] All page citations refer to the pagination generated by the Court's CM/ECF system and all exhibit numbers refer to the numbered attachments to the CM/ECF filings.

One such employer is Big Apple Construction. Under the collective bargaining agreement ("CBA") it joined, Big Apple Construction agreed to pay contributions to the Pension Fund based on each hour its employees performed certain work within the geographic jurisdiction covered by the local union. Compl. ¶ 7, ECF No. 1; Pl.'s Mot. Ex. 3 at 20, 26–27, ECF No. 10-3. The CBA also incorporates the union's Amended Restated Agreement and Declaration of Trust. Pl.'s Mem. at 3; *id.* Ex. 3 at 27. These agreements require contributions to be paid on the fifteenth day of each month following a month when covered work was preformed, as well as require reporting of the hours of work performed. Compl. ¶ 9; Pl.'s Mem. at 3. Delinquent contributions generate interest at a rate of 15 percent a year from the missed due date and incur the greater of either additional interest (calculated at the same 15 percent a year) or liquidated damages (calculated at the rate of 20 percent of the delinquent contributions), plus associated attorney's fees and costs. Compl. ¶¶ 10–12.

Beginning in February 2019, Big Apple Construction failed to report hours and pay contributions owed to the Pension Fund. *Id*. ¶ 9. In November 2019, the Pension Fund sued under ERISA and the parties' agreements seeking to recover delinquent contributions and resulting damages. *See id*. ¶¶ 3, 13–26. Despite timely service of the Complaint, Big Apple Construction never responded. The Clerk of the Court entered default against Big Apple Construction at the Pension Fund's request. *See* Req. for Clerk's Entry of Default, ECF No. 8; Default, ECF No. 9. Big Apple Construction has not moved to set aside the default. The Pension Fund filed this default judgment motion, which is now ripe.

## II.

Federal Rule of Civil Procedure 55 establishes a two-step process for default judgments. First, the Clerk of Court enters a default on the docket if the "party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Then the plaintiff moves for a default judgment under Rule 55(b).

Whether a default judgment is appropriate under Rule 55(b)(2) is committed to the sound discretion of the reviewing court. *Boland v. Yoccabel Constr. Co.*, 293 F.R.D. 13, 17 (D.D.C. 2013). But courts must conduct an inquiry into both liability and damages. The liability assessment is limited: After the entry of default, the defaulting defendant is considered to admit every well-pleaded allegation in the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). If the court establishes liability, it then "must make an independent evaluation of the sum to be awarded unless the damages are certain." *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. Liberty House Nursing Home of Jersey City, Inc.*, 232 F. Supp. 3d 69, 76 (D.D.C. 2017).

### III.
### A.

Big Apple Construction has failed to contest its liability in this suit. It did not respond to the Complaint or this default judgment motion, nor has it moved to set aside the Clerk's entry of default. So the Court need only determine whether the allegations in the Complaint are well-pleaded. *Fanning v. AMF Mech. Corp.*, 326 F.R.D. 11, 14 (D.D.C. 2018).

They are. ERISA requires employers to contribute to multiemployer pension plans in line with their collective bargaining agreements. 29 U.S.C. § 1145. The Pension Fund alleged and provided documentation showing that Big Apple Construction signed the CBA, which requires contributions to the Pension Fund based on the hours of certain work its employees performed. Compl. ¶ 7; Pl.'s Mot. Ex. 3 at 8, 31. Yet despite performing covered work as early as February 2018, Big Apple Construction stopped remitting contributions beginning in February 2019. Compl. ¶¶ 7–8. This failure continued through July 2020. *Id.*

3

Beyond the allegations in the Complaint, David F. Stupar, the Executive Director of the Pension Fund, attests to the missing contributions. *See* Pl.'s Mot. Ex. 3 at 3. He also confirms that Big Apple Construction previously submitted contributions and reports in accordance with the CBA, showing the company's awareness of its obligations. *Id.* The allegations are well-pleaded, and along with the supporting documentation establish Big Apple Construction's liability. Entry of default judgment against the company is warranted. *See AMF Mech. Corp.*, 326 F.R.D. at 14.

B.

Now to step two: The Court's independent assessment of damages. The plaintiff must prove the damages sought "to a reasonable certainty." *Boland v. Elite Terrazzo Flooring*, 763 F. Supp. 2d 64, 68 (D.D.C. 2011). Courts may rely on "detailed affidavits or documentary evidence" provided by plaintiffs in their assessment. *Boland v. Providence Const. Corp.*, 304 F.R.D. 31, 36 (D.D.C. 2014) (cleaned up).

ERISA authorizes these damages in actions to recover delinquent contributions owed under a collective bargaining agreement: (1) unpaid contributions; (2) interest on the unpaid contributions; (3) a penalty amount equal to the greater of either interest on the unpaid contributions or liquidated damages; (4) reasonable attorney's fees and costs; and (5) other appropriate relief. 29 U.S.C. § 1132(g)(2). The first three are "sums certain" based on the parties' contractual agreements. *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 70 (D.D.C. 2002). Attorney's fees are not because "the reasonableness of the fees requested by the plaintiff is a judgment call" that only the court can make. *Id.* (cleaned up).

The Pension Fund seeks $40,039.75 in damages, which includes $25,123.11 in estimated delinquent contributions, $2,810.02 in interest, $5,024.62 in liquidated damages, and $7,082 in

4

attorney's fees and costs.  *See* Pl.'s Mem. at 10–13; Pl.'s Mot. Ex 2, ECF No. 10-2.  The Pension Fund's evidence proves each of these sums to a reasonable certainty.

On the delinquent contributions, Big Apple Construction owes for each missing month the number of hours worked by its employees multiplied by the applicable hourly contribution rate set forth by the CBA.  Pl.'s Mem. at 9.  Big Apple Construction, however, not only failed to pay required contributions starting in February 2019 but also failed to submit reports containing the number of hours of work performed.  Compl. ¶ 9, 14.; Pl.'s Mot. Ex. 3 at 5.  In such circumstances, the Court may rely on reasonable estimates of work performed based on past contributions by the employer.  *See Nat'l Shopmen Pension Fund v. Builders Metal Supply, Inc.*, 304 F.R.D. 47, 50 (D.D.C. 2014).

To estimate the hours, the Pension Fund used the average hours of covered work reported per month by Big Apple Construction from February 2018 through January 2019, which is the twelve-month period immediately preceding the company's failure to report and pay contributions.  Pl.'s Mem. at 10–11; Pl.'s Mot. Ex. 3 at 5.  The Court approves of this estimation as reasonable.  *Cf. Nat'l Shopmen Pension Fund*, 304 F.P.D. at 50 (permitting plaintiffs to use "the highest amount of hours reported . . . in any month during the preceding 12-month period"); *Int'l Painters & Allied Trades Indus. Pension Fund v. LaSalle Glass & Mirror Co.*, 267 F.R.D. 430, 434 (D.D.C. 2010) (accepting estimate based on average of the three months before the failure to report).  Given the estimate of 1,178.38 hours of covered work performed per month, multiplied by the delinquent 18 months from February 2019 through July 2020 and the contribution rate applicable during those months, Big Apple Construction owes $25,123.11 in unpaid contributions.  *See* Pl.'s Mot. Ex. 3 at 5–6.  The Court will award that amount in full.

The Pension Fund may also collect prejudgment interest on the outstanding contributions at a rate determined by the governing CBA.  *See* 29 U.S.C. § 1132(g).  Big Apple Construction agreed by joining the CBA that delinquent contributions will be assessed at an annual interest rate of 15 percent.  *See* Pl.'s Mot. Ex. 3 at 4, 9, 12–13.  The Pension Fund has adequately demonstrated based on the supporting documentation that Big Apple Construction owes $2,810.02 in interest on the $25,123.11 in estimated unpaid contributions.  *See id.* at 5–6.

The Pension Fund next requests liquidated damages due under ERISA and the terms of the CBA.  The Pension Fund is entitled to the greater of another round of interest or 20 percent of the delinquent contributions.  *See* 29 U.S.C. § 1132(g)(2)(c); Pl.'s Mot. Ex. 3 at 14–15.  The Court will award the latter—20 percent of the estimated $25,123.11 in unpaid contributions—which totals $5,024.62.  *See* Pl.'s Mot. Ex. 3 at 6.

Finally, the Court will grant attorney's fees and costs.  *See* Pls.' Mem. at 12-13; 29 U.S.C. § 1132(g)(2)(D).  The Pension Fund's counsel submitted an invoice showing 20.4 hours of work at an hourly rate $295/hour until April 1, 2020, and $310/hour thereafter.  Pl.'s Mot. Ex. 3 at 35–36.  The rates are well within the norm for similar services rendered in this district.  *See Boland v. Smith & Rogers Constr. Ltd.*, 201 F. Supp. 3d 144, 149 (D.D.C. 2016) (awarding attorney's fees in default judgment action where counsel charged $615/hour and paralegal charged $170/hour for 34.1 hours of work); *Bricklayers & Trowel Trades Int'l Pension Fund v. Kel-Tech Constr., Inc.*, 319 F. Supp. 3d 330, 345 n.8 (D.D.C. 2018) (same where counsel charged $295/hour for 12.2 hours of work).  The Pension Fund also submitted bills for $860 incurred in service of process and filing the complaint.  Pl.'s Mot. Ex. 3 at 38–42.  Counsel attested that the hours and fees reflected in the invoices were accurate, *id.* at 32–33, and based on the documentation, the Court finds that the $7,082 in costs and attorney's fees are justified.

## IV.

For these reasons, the motion for default judgment will be granted. A separate Order will issue.

Dated: November 12, 2020                          TREVOR N. McFADDEN, U.S.D.J.